UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA DONOVAN, | ) <br> ) |
| Plaintiff, | ) <br> ) CIVIL ACTION |
| v. | ) NO. 1:08-cv-10695-FDS <br> ) |
| FLEXTRONICS AMERICA, LLC and <br> VERIZON WIRELESS, | ) <br> ) <br> ) |
| Defendants. | ) |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Flextronics America, LLC ("Flextronics") and Cellco Partnership d/b/a Verizon Wireless ("Cellco") (together, "Defendants") hereby answer Plaintiff Melinda Donovan's ("Donovan") Complaint as follows:

1.    Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore deny them.

2.    Defendants admit that Flextronics is a limited liability company that employs workers at, among other locations, a facility on Route 9 in Shrewsbury, County of Worcester, Commonwealth of Massachusetts. Defendants deny the remaining allegations in Paragraph 2.

3.    Defendants admit that Cellco is a general partnership that operates a facility on Route 9 in Shrewsbury, County of Worcester, Commonwealth of Massachusetts. Defendants deny the remaining allegations in Paragraph 3.

## **Facts**

4.    Regarding the allegations in the first sentence of Paragraph 4, Defendants admit that Plaintiff began working for Flextronics in December of 2005 as a retail technical associate, but deny the remaining allegations. Defendants deny the allegations in the second sentence of Paragraph 4.

5. Defendants deny the allegations in the first sentence of Paragraph 5. Regarding the second through fourth sentences of Paragraph 5, Defendants are without information sufficient to form a belief as to the truth of the allegations and therefore deny them.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants admit that Plaintiff complained to a Flextronics supervisor that Mr. Cardin had created and was using an offensive password on his work computer, and to Verizon that an employee was sexually harassing her and using an offensive password, but deny the remaining allegations in the first sentence of Paragraph 7. Defendants deny the allegations in the second sentence of Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in the first sentence of Paragraph 9. Regarding the second sentence of Paragraph 9, Defendants admit that, in consultation with Plaintiff, Flextronics decided to transfer Plaintiff to its Millbury location, but deny the remaining allegations. Regarding the third sentence of Paragraph 9, Defendants admit that Plaintiff reconsidered her decision to seek a transfer to the Millbury location and requested to transfer back to the Shrewbury location, which Flextronics accommodated. Defendants deny the remaining allegations in the third sentence of Paragraph 9. Regarding the fourth sentence of Paragraph 9, Defendants admit that, prior to transferring Plaintiff back to the Shrewbury location, Flextronics transferred Mr. Cardin to the Millbury location. Defendants deny the remaining allegations in the fourth sentence of Paragraph 9. Defendants deny the allegations in the fifth sentence of Paragraph 9. The sixth sentence of Paragraph 9 refers to the Plaintiff's beliefs and to which Defendants are not required to respond. To the extent that Defendants are

required to respond to Plaintiff's beliefs in the sixth sentence of Paragraph 9, Defendants deny the allegations. Defendants admit the allegations in the seventh sentence of Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

12. Defendants deny the allegations in Paragraph 12.[1]

13. Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent that a response is required to Paragraph 13, Defendants deny the allegations.

### COUNT I
### (M.G.L. c. 151B—Sex/Gender Discrimination)
### (Plaintiff v. Defendant Flextronics)

14. Defendants incorporate their responses to Paragraphs 1-13 above as if fully set forth herein.

15. Flextronics denies the allegations in Paragraph 15.

16. Flextronics denies the allegations in Paragraph 16.

17. Flextronics denies the allegations in Paragraph 17.

18. Flextronics denies the allegations in Paragraph 18.

### COUNT II
### (M.G.L. c. 151B—Sex/Gender Discrimination)
### (Plaintiff v. Defendant Verizon)

19. Defendants incorporate their responses to Paragraphs 1-18 above as if fully set forth herein.

20. Verizon denies the allegations in Paragraph 20.

21. Verizon denies the allegations in Paragraph 21.

22. Verizon denies the allegations in Paragraph 22.

23. Verizon denies the allegations in Paragraph 23.

---

[1] In the Complaint, Paragraph 11 is omitted.

## COUNT III
### (M.G.L. c. 151B—Sexual Harassment)
### (Plaintiff v. Defendant Flextronics)

24. Defendants incorporate their responses to Paragraphs 1-23 above as if fully set forth herein.

25. Flextronics denies the allegations in Paragraph 25.

26. Paragraph 26 refers to the Plaintiff's beliefs and to which Flextronics is not required to respond. To the extent that Flextronics is required to respond to Plaintiff's beliefs in Paragraph 26, it denies the allegations.

27. Flextronics denies the allegations in Paragraph 27.

28. Flextronics denies the allegations in Paragraph 28.

## COUNT IV
### (M.G.L. c. 151B—Sexual Harassment)
### (Plaintiff v. Defendant Verizon)

29. Defendants incorporate their responses to Paragraphs 1-28 above as if fully set forth herein.

30. Verizon denies the allegations in Paragraph 30

31. Paragraph 31 refers to the Plaintiff's beliefs and to which Verizon is not required to respond. To the extent that Verizon is required to respond to Plaintiff's beliefs in Paragraph 31, it denies the allegations.

32. Verizon denies the allegations in Paragraph 32.

33. Verizon denies the allegations in Paragraph 33.

## COUNT V
### (M.G.L. c. 151B—Retaliation)
### (Plaintiff v. Defendant Flextronics)

34. Defendants incorporate their responses to Paragraphs 1-33 above as if fully set forth herein.

35. Flextronics denies the allegations in Paragraph 35.

36. Paragraph 36 refers to the Plaintiff's beliefs and to which Flextronics is not required to respond. To the extent that Flextronics is required to respond to Plaintiff's beliefs in Paragraph 36, it denies the allegations.

37. Flextronics denies the allegations in Paragraph 37.

38. Flextronics denies the allegations in Paragraph 38.

## COUNT VI
### (M.G.L. c. 151B—Retaliation)
### (Plaintiff v. Defendant Verizon)

39. Defendants incorporate their responses to Paragraphs 1-38 above as if fully set forth herein.

40. Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 refers to the Plaintiff's beliefs and to which Verizon is not required to respond. To the extent that Verizon is required to respond to Plaintiff's beliefs in Paragraph 41, it denies the allegations.

42. Verizon denies the allegations in Paragraph 42.

43. Verizon denies the allegations in Paragraph 43.

All allegations not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exercise reasonable diligence in mitigating her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate business reasons and in good faith compliance with all applicable laws.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any relief by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff served as an at-will employee.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Evidence acquired subsequent to Plaintiff's filing of her Complaint bars and/or limits Plaintiff's claims of liability or damages and/or reduces such claims as provided by law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because (a) Defendants maintained, disseminated and enforced a clear policy against harassment, discrimination and retaliation, establishing a reasonable and effective means of reporting and seeking relief from conduct believed to be harassing, discriminatory or retaliatory, (b) Defendants acted in accordance with this policy at all times, and (c) Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided to her by Defendants or to otherwise avoid harm, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust all administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that any damages suffered by the Plaintiff are the consequences of Plaintiff's own acts and/or omissions, or of those of third persons not in Defendants' control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because Cellco is not a proper defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not employed or jointly employed by Defendant Cellco.

## FIFTEENTH AFFIRMATIVE DEFENSE

Assuming that Plaintiff was harassed, and Defendants specifically deny that she was, Defendants neither knew of nor condoned or ratified that alleged harassment, and therefore are not legally responsible for any alleged harassment.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right subsequently to assert other defenses of which they may become aware during the course of this proceeding.

WHEREFORE, Defendants respectfully pray that this Court enter judgment dismissing the Complaint, together with the costs and disbursements of this action, reasonable attorneys' fees and further relief as the Court deems just and proper.

Respectfully submitted,

FLEXTRONICS AMERICA, LLC, and
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

By its attorneys,

/s/ David M. Jaffe
Gregory C. Keating (BBO #564523)
David M. Jaffe (BBO #641610)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
gkeating@littler.com
djaffe@littler.com

Dated: May 2, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2008 the foregoing Answer was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and via first class mail to those non-registered participants.

/s/ David M. Jaffe
David M. Jaffe